IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTON L. CURTIS, JR., | CASE NO. CV F 06-1505 OWW LJO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION |
| vs. | |
| ESTATE OF CHARLES DEAN CURTIS, | |
| Defendant. | |

## BACKGROUND

Plaintiff Delton L. Curtis, Jr. ("plaintiff") is incarcerated and proceeds pro se and in forma pauperis in this action. On October 23, 2006, plaintiff filed a documents which this Court construes as a complaint ("complaint") to claim that in 1964, plaintiff's wealthy grandfather left nearly his entire estate to plaintiff and that documents to that effect were left in a house nearly 40 years ago. The complaint alleges plaintiff received a phone call to alert him that he "still had a chance at his grandfather's land." The complaint alleges that plaintiff is "suposed [sic] to have some stock in a hotel chain and some money in two back accounts one in the Cayman Islands and one in Switzerland." In the complaint, plaintiff claims "everything" except gun factory stock and that he plans to make a deal with the U.S. Government to address taxes. The complaint requests this Court "to assign a case number so an investigation can be started and warents [sic] can be ordered to search the house and its hiding places for documental profe [sic] of my inheritance." In the complaint, plaintiff acknowledges he cannot

identify the "house." The complaint seeks no specific relief other than "lets get this thing settled."

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

When a plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process

by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

Based on the complaint's allegations, the Court notes jurisdictional and related defects to prevent plaintiff from offering evidence to support claims raised in the complaint.

## **Jurisdictional Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

3

1  upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.
2  United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need
3  not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these
4  elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis
5  v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading
6  policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements
7  of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.
8  1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant
9  engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

10       The complaint addresses the estate of plaintiff's grandfather and appears to make a claim to most
11 of the estate. The settlement and distribution of estates and the right to succeed to the ownership of
12 realty and personalty are peculiarly state law matters, and federal courts generally have no probate
13 jurisdiction, even in diversity jurisdiction situations. *Harris v. Zion's Bank Co.*, 317 U.S. 447, 450.
14 (1943). Moreover, a federal court lacks subject matter jurisdiction to review final determinations of state
15 courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably
16 intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v.
17 Feldman*, 460 U.S. 462, 483-487 and n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);
18 *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine
19 is jurisdictional). A federal district court is a court of original jurisdiction and has no authority to review
20 final determinations of state courts. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.
21 1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221
22 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be
23 appellate review of the state judgment in a United States District Court, based on the losing party's claim
24 that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997,
25 1005-1006 (1994). To the extent that plaintiff seeks review of state probate matters, this Court lack
26 jurisdiction to address them.

27       The complaint fails to allege a basis for this Court's jurisdiction. Since the complaint addresses
28 an estate matter reserved for state court, an attempt at amendment is unwarranted.

### Deficiencies As To Claims

F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint describes that to which plaintiff believes he is entitled. The complaint lacks sufficient facts as to the basis of plaintiff's claims. The complaint does not describe particular conduct or acts (such as, promises, contracts or representations) to support a claim or to satisfy F.R.Civ.P. 8(a)(2). The complaint seeks no particular relief which this Court is able to provide, particularly given its lack of jurisdiction. Moreover, limitations defenses appear given that the complaint addresses matters arising 40 or more years ago. An attempt at amendment is unwarranted.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without prejudice on grounds: (1) this Court lacks jurisdiction over the complaint's claims; (2) the complaint fails to satisfy pleading requirements; and (3) an attempt at amendment is unwarranted based on jurisdictional defects and the complaint's deficiencies.

These findings and recommendations are submitted to the United States district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than November 29, 2006, plaintiff may file written objections to these findings and recommendations with the Court and otherwise in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district court will review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is admonished that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file another complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished this Court will strike any papers to attempt to file another complaint unless this Court specifically grants plaintiff permission to file another complaint.**

IT IS SO ORDERED.

Dated: October 27, 2006        /s/ Lawrence J. O'Neill
66h44d                         UNITED STATES MAGISTRATE JUDGE